

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JUL 25 AM 10: 22

JUL 2 6 2004

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN THE MATTER

OF THE

COMPLAINT OF DANOS & CUROLE
MARINE CONTRACTORS, L.L.C., AS
OWNER AND OPERATOR OF THE
L/B PAUL DANOS, PETITIONING FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY

CIVIL ACTION NO.:

SECTION **04-2084**

JUDGE **SECT. J MAG. 3**

MAGISTRATE

## COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

The Complaint of Danos & Curole Marine Contractors, L.L.C., as owner and operator of the L/B PAUL DANOS, in a cause of Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 181-196, and all laws supplementary and amendatory thereof, within the purview of Rule 9(h) Federal Rules of Civil Procedure and Supplement Admiralty Rule F, with respect represents:

### I.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims (the "Supplemental Rules").

___ Fee $150.00
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

## II.

At all times hereinafter mentioned, Danos & Curole Marine Contractors, L.L.C. Limitation Plaintiff (hereinafter referred to as "Limitation Plaintiff" or "Danos & Curole") was, and now is, a limited liability company organized and existing under and by virtue of the laws of the State of Louisiana, and was, at all times hereinafter mentioned, the owner and operator of the L/B PAUL DANOS, (hereinafter referred to as "Vessel").

## III.

At all times hereinafter mentioned, the Vessel was a 1998 lift boat of 859 gross register tons, registered under the flag of the United States of America, with principal dimensions of 98.2 ft. in length, 78 feet in hull breadth, and 13 feet in hull depth.

## IV.

Prior to and at all times hereinafter described, Limitation Plaintiff exercised due diligence to make and to maintain the Vessel in all respects seaworthy; and at all times hereinafter described, the Vessel was, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged until the occurrence of the casualty hereinafter described.

## V.

On January 8, 2004, the L/B PAUL DANOS was en route from Pascagoula, Mississippi to Block Chandleur 40 in the Gulf of Mexico. During the voyage the weather changed and the vessel's course was altered from its intended route to avoid the weather. The L/B PAUL

(2)

DANOS navigated westward outside the shipping channel to an apparent safe jacking area and jacked down. The vessel jacked down in the vicinity of a 12-inch natural gas pipeline

## VI.

The contact between the pipeline and the pad of the L/B PAUL DANOS and resultant pipeline damage, and all other losses and damages including any economic damages, expenses, shut-in cost, loss of production, loss of revenue, delayed production, damage to the pipeline, repair costs, product loss, and other related costs resulting therefrom were not caused or contributed to by any fault, negligence, unseaworthiness, or lack of due care on the part of Limitation Plaintiff, the Vessel, or any person for whom Limitation Plaintiff was or is responsible.

## VII.

The contact between the pipeline and the pad of the L/B PAUL DANOS and resultant pipeline damage, and all other losses and damages including any economic damages, expenses shut-in cost, loss of production, loss of revenue, delayed production, damage to the pipeline, repair costs, product loss, and other related costs resulting therefrom were caused and occurred without the privity or knowledge of Limitation Plaintiff.

## VIII.

The vessel sustained damage to its pads, legs, hull and other equipment and appurtenances as a consequence of the casualty. Limitation Plaintiff does not know the full nature nor the total amount of all claims that may potentially be made for the losses, damages and alleged injuries occurring as a result of the capsizing and resultant pipeline damage, but it

(3)

anticipates, fears and believes that suits and claims will be asserted and prosecuted against it and the vessel in amounts exceeding the total sum or sums for which Limitation Plaintiff may be legally responsible or may be required to pay under the applicable statutes governing exoneration from or limitation of liability.

### IX.

Limitation Plaintiff is, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessel in connection with the incident made the subject of this Complaint.

### X.

This Complaint is filed within six months from the date Limitation Plaintiff received first written notice of a limitable claim.

### XI.

The value of Limitation Plaintiffs interest in the Vessel following the casualty described above is FOUR MILLION DOLLARS AND NO/100 ($4,000,000.00). (See Affidavit of Value by Mr. Norman Dufour, Marine Surveyor, attached hereto as Exhibit "A").

### XII.

There was no hire or freight pending at the time of this casualty. (See Affidavit of Pending Hire by Mr. Travis David, attached hereto as Exhibit "B").

### XIV.

Subject to an appraisal of its interests, Limitation Plaintiff herewith deposits with the Court, as security for the benefit of all potential claimants, a Stipulation For Value in the sum of

(4)

FOUR MILLION DOLLARS AND NO/100 ($4,000,000.00), plus interest at six percent (6%) per annum from the date of said Stipulation, said sum representing the total value of the Vessel, its appurtenances, and pending freight following the casualty.

## XV.

Limitation Plaintiff claims exoneration from liability for any and all losses, injuries and damages including any economic damages, expenses, shut-in cost, loss of production, loss of revenue, delayed production, damage to the pipeline, repair cost, product loss, and any and all related costs occurring as a result of the aforesaid casualty and resultant pipeline damage and for any and all claims therefore. Limitation Plaintiff alleges it has valid defenses thereto on the facts and on the law. Alternatively, Limitation Plaintiff, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in Sections 4281-4283, 4284, 4285 and 4289 of Title 46 of the United States Code (46 U.S.C. § 181-185 and 188), and the various statutes supplemental thereto and amendatory thereof, and to that end Limitation Plaintiff herewith deposits with the Court, as security for the benefit of potential claimants, the aforementioned Stipulation For Value.

## XVI.

Should it later appear that Limitation Plaintiff is or may be liable and that the amount or value of its interest in the Vessel and its pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share pro *rata* in the aforesaid sum represented by the Stipulation, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil

Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

## XVII.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Limitation Plaintiff, Danos & Curole Marine Contractors, L.L.C. prays that:

(1)     This Court issue an Order approving the *ad interim* Stipulation For Value in the amount of FOUR MILLION ($4,000,000) DOLLARS with interest at a rate of six (6%) percent per annum as security for the amount or value of its interest in the Vessel and its pending freight;

(2)     That upon the filing of the *ad* interim stipulation for value as described herein, this Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Plaintiff an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3)     This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all

(6)

actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiff and its underwriters, and/or against the Vessel, her officers and crew or against any employee or property of Limitation Plaintiff except in this action, to recover damages for or in respect for any and all losses, injuries and damages including any economic damages, expenses and costs occurring as a result of the aforesaid casualty and resultant pipeline damage, or injury occasioned or incurred as a result of the aforesaid incident;

(4)     This Court adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any for any losses, injuries and damages including any economic damages, expenses, shut-in cost, loss of production, loss of revenue, delayed production, damage to the pipeline, repair costs, product loss, and any and all related costs occurring as a result of the aforesaid casualty and resultant pipeline damage or for any claim therefore in any way arising out of or resulting there from.

(5)     The Court in this proceeding will adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any of the losses, injuries and damages including any economic damages, expenses, shut-in cost, loss of production, loss of revenue, delayed production, damage to the pipeline, repair costs, product loss, and any and all related costs occurring as a result of the aforesaid casualty and resultant pipeline damage or for any claim whatsoever in any way arising from or in consequence of the aforesaid casualty; or if Limitation Plaintiff and its underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiff's interest in the Vessel and its pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the casualty and

(7)

resultant pipeline damage, and that Limitation Plaintiff and its underwriters be discharged there from upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro* rata according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Limitation Plaintiff and its underwriters from all further liability; and

(6)     Limitation Plaintiff may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

DUNCAN, COURINGTON & RYDBERG, L.L.C.

ELTON F. DUNCAN III, T.A. (La. #14967)
KELLEY A. SEVIN (La. #25871)
400 Poydras Street, Suite 1200
New Orleans, LA 70130
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
Attorney for Limitation Plaintiff,
Danos & Curole Marine Contractors, L.L.C.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER | CIVIL ACTION NO.: |
| OF THE | SECTION: |
| COMPLAINT OF DANOS & CUROLE | JUDGE |
| MARINE CONTRACTORS, L.L.C., AS | |
| OWNER AND OPERATOR OF THE | MAGISTRATE |
| L/B PAUL DANOS, PETITIONING FOR | |
| EXONERATION FROM OR LIMITATION | |
| OF LIABILITY | |

**VERIFICATION**

STATE OF LOUISIANA

PARISH OF ORLEANS

Before me now, the undersigned Notary, came and appeared, Elton Ford Duncan, III, who after being duly sworn, did depose and state:

1. That he is an owner and member of the law firm of Duncan, Courington & Rydberg, L.L.C., and is attorney for Danos & Curole Marine Contractors, L.L.C., Limitation Plaintiff in above captioned and numbered proceeding;

2. That he has read the above and foregoing Complaint for Exoneration from and/or Limitation of Liability, that all of the allegations of fact contained therein are true and correct to

the best of his information, knowledge and belief, and that the source of his knowledge and the

grounds for his belief being information obtained from his clients and investigation by his and

his representatives; and

    3.    That he is specifically authorized by Limitation Plaintiff to make this Verification

on its behalf.

 

                             ELTON FORD DUNCAN, III

 

SWORN TO AND SUBSCRIBED BEFORE
ME, NOTARY PUBLIC, THIS
22nd DAY OF July, 2004.

 

SCOTT KIEFER
NOTARY PUBLIC
State of Louisiana
My Commission is Issued for Life

(2)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA


IN THE MATTER                                        CIVIL ACTION NO.:


OF THE                                               SECTION:

COMPLAINT OF DANOS & CUROLE          JUDGE
MARINE CONTRACTORS, L.L.C., AS
OWNER AND OPERATOR OF THE            MAGISTRATE
L/B PAUL DANOS, PETITIONING FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY


## AFFIDAVIT OF VALUE

STATE OF LOUISIANA

PARISH OF ORLEANS

      BEFORE ME, the undersigned authority, personally came and appeared:

                NORMAN J. DUFOUR, JR.

who, being by me first duly sworn, deposed:

      That he is the President of Dufour, Laskay & Strouse, Inc., a marine surveying and appraisal business;

      That he has in excess of 26 years experience in the field of marine surveying;

      That he has sighted the hull of the L/B PAUL DANOS following the casualty it sustained on January 8, 2004, and, as such, he is familiar with the value of the L/B PAUL DANOS as she lay on that date; and



That the L/B PAUL DANOS had a fair market value as is where is on January 8, 2004 subsequent to the casualty of $4,000,000.00.

March 15, 2004

_____
NORMAN J. DUFOUR, JR.-NAMS-CMS, ASA

SWORN TO AND SUBSCRIBED

BEFORE ME, NOTARY, THIS

15th DAY OF MARCH, 2004.

_____
NOTARY PUBLIC

**KELLEY A. SEVIN**
NOTARY PUBLIC
State of Louisiana
My Commission Is Issued For Life

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN THE MATTER                                          CIVIL ACTION NO.:

OF THE                                                 SECTION:

COMPLAINT OF DANOS & CUROLE                            JUDGE
MARINE CONTRACTORS, L.L.C., AS
OWNER AND OPERATOR OF THE                              MAGISTRATE
L/B PAUL DANOS, PETITIONING FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY

## AFFIDAVIT OF PENDING FREIGHT

STATE OF LOUISIANA

PARISH OF LAFOURCHE

        BEFORE **ME,** the undersigned authority, personally came and appeared:

TRAVIS DAVID

who, being by me first duly sworn, deposed:

        That he is employed by Danos & Curole Marine Contractors, L.L.C. in the capacity of Marine Operations Manager.

        That as such, be is familiar with the total amount of pending freight due to Danos & Curole Marine Contractors, L.L.C. as of the time of the casualty of the L/B PAUL DANOS occurring on January 8, 2004; and



That at the time of the casualty on January 8, 2004, there was **no** pending

freight due to Danos & Curole Marine Contractors, L.L.C. either in the form of cargo or

charter owed.

March _17th_ , 2004.

SWORN TO AND SUBSCRIBED

BEPORE ME, NOTARY, THIS

_17th_ DAY OF MARCH 2004.

NOTARY PUBLIC